**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CURTIS L. DOWNING, | No. 14-16308 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 2:12-cv-00332-JCM-CWH |
| JOHNNIE GRAVES; LEE GRIGGS; BRIAN E. WILLIAMS; BRYAN WILSON; CHERYL BURSON; JERRY HOWELL; JAMES COX; FRANK DREESEN; BRIAN CONNETT; RASHONDA SMITH; HOWARD SKOLNIK; SHERYL FOSTER; A. ROMERO; R. WOODBURY; JESUS MERANZA; ROBERT HILL, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted August 19, 2016[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, and HAWKINS and McKEOWN, Circuit Judges.

Curtis Downing appeals the district court's grant of summary judgment on his 42 U.S.C. § 1983 claims and the district court's dismissal of his access to courts claims pursuant to 28 U.S.C. § 1915(e)(2). We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's grant of summary judgment, *King v. AC & R Advert.*, 65 F.3d 764, 767 (9th Cir. 1995), and the district court's dismissal for failure to state a claim under § 1915(e)(2), *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (order). We affirm.

## I. First Amendment retaliation and related claims

A viable First Amendment retaliation claim requires five elements: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005). The district court concluded that no genuine issue of material fact existed as to three of these elements: the causation of an adverse action; the chilling of Downing's speech; and the relationship between the actions complained of and a legitimate correctional goal. The district court concluded that, because Downing "continued to file multiple grievances . . . his First Amendment

2

rights were not actually 'chilled.'" The district court erred in focusing on whether or not Downing's speech was actually chilled, because "an objective standard governs the chilling inquiry." *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009).

This error, however, was harmless, because Downing did not establish a genuine issue of material fact as to causation or the lack of a legitimate penological goal. Downing adduced no evidence showing a retaliatory motive on the part of the corrections officers. Rather, the record shows that: (1) Downing was charged with and disciplined for charging inmates legal fees on the basis of evidence that he charged a fellow inmate $2,200 for legal services; (2) Downing was charged with being in possession of a fellow inmate's legal papers because he was in possession of such papers; (3) Downing was charged with abusing the grievance process because he improperly asserted two or more grievances in a single grievance claim; (4) Downing was transferred to address his and the prison's safety concerns; (5) the cell searches were random, and Downing was charged for having contraband because in fact he had contraband.

Downing also failed to show a genuine issue of material fact as to whether the challenged actions were unrelated to legitimate correctional goals. Prison officials can have legitimate penological interests in ensuring compliance with the

grievance process and in regulating the activities of prison law clerks, *Shaw v. Murphy*, 532 U.S. 223, 230–31 (2001), transferring prisoners between cells and prisons, *Pratt v. Rowland*, 65 F.3d 802, 808–09 (9th Cir. 1995), and in conducting cell searches, *see Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984). Because the First Amendment retaliation claims fail, the related charges of failure to train and conspiracy necessarily fail as well.

## II. Fourteenth Amendment procedural due process claim

Downing received advanced written notice of the charges against him and had three weeks to prepare his defense; the hearing officer created a written statement providing the evidence relied upon and reasons for finding Downing in violation of the regulations; Downing was asked if he wanted witnesses and declined; and Downing was found guilty on the basis of evidence that he attempted to charge a fellow inmate $2,200 for legal services. The proceedings thus satisfied due process. *Wolff v. McDonnell*, 418 U.S. 539, 566–70 (1974) (setting out due process requirements in prison disciplinary proceedings).

## III. Access to courts claim

The touchstone of the right of access to courts is the "adequate opportunity to file nonfrivolous legal claims challenging . . . convictions or conditions of confinement." *Lewis v. Casey*, 518 U.S. 343, 356 (1996). Thus, the official acts or

4

omissions complained of must result in "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id.* at 348 (internal quotation marks omitted). Here, Downing was able to successfully file this § 1983 action, and has failed to demonstrate that the changes in the prison library policy violated his right of meaningful access to the courts by causing him prejudice with respect to any current or anticipated litigation.

**AFFIRMED.**